[Civ. No. 1652.   First Appellate District.—January 28, 1916.]

## MARIA E. MARTIN, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent.

CLAIM AND DELIVERY—JUDGMENT FOR RETURN OF PROPERTY—TENDER— UNJUSTIFIED REFUSAL TO ACCEPT.—In an action in claim and delivery to recover possession of an automobile, where judgment was rendered in favor of the defendant for the recovery of the property, or the amount found to be its value if return could not be had, the defendant was not justified in refusing to accept a return of the property four months after the entry of judgment, upon the sole ground of its depreciation in value merely by lapse of time, and under the circumstances she cannot maintain an action to recover the value of the automobile upon an undertaking given in the original action to procure delivery of the property to the plaintiff therein.

APPEAL from a judgment of the Superior Court of Alameda County.   Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

John C. Scott, for Appellant.

Thomas, Beedy & Lanagan, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the defendant in an action commenced by the plaintiff to recover a judgment against the defendant for the sum of one thousand five hundred dollars, alleged to be due upon an undertaking for the seizure of an automobile in an action for replevin. The case comes before us upon an agreed statement of facts, from which it appears in brief that on or about April 13, 1913, Flora A. Graham and William H. Graham commenced an action in replevin against E. H. Wilson, Eula W. Wilson, and several fictitious defendants for the recovery of the possession of a certain automobile, which at the time of the commencement of said action and for some time previous thereto had been in the possession of the plaintiff in this action, who was served as a fictitious defendant and thus brought into the case. The value of said automobile was stated in said complaint to be one thousand five hundred dollars. A replevin bond was thereupon executed by the defendants in this action in the sum of three thousand dollars, which said bond provided ''for the return of the said property to the said defendants (in the former action) if return thereof be adjudged, or for the payment to said defendants of such sum which may for any cause be recovered against the said plaintiff not exceeding the sum of $3,000.'' Thereupon the car was taken from the plaintiff in the present action and placed in the possession of the defendant herein. That in said former action a judgment in favor of defendant Maria E. Martin in that action was rendered, by the terms of which it was adjudged that ''Maria E. Martin do have and recover from the said plaintiffs and their surety the possession of the said automobile, and that the same be returned to her, and if return cannot be had that she then recover the sum of $1,500, the value of said property.''

This judgment was rendered and entered on December 24, 1913. On April 9, 1914, the defendant herein tendered to the plaintiff herein the said automobile, which tender the plaintiff herein refused to accept, but, on the contrary, commenced this action to recover from said defendant the sum

of one thousand five hundred dollars, the same being the value thereof as stated in said judgment.

The agreed statement of facts further shows that at the time said automobile was taken from the possession of this plaintiff its value was one thousand five hundred dollars, but that on the said ninth day of April, 1914, when its return was tendered, it was of the value of but one thousand dollars, and that it was on account of this depreciation in the value of the property between the time of its original taking and the time of the tender of its return that the plaintiff herein refused to receive back the said property. It further appears, however, that the said automobile was not used by the defendant herein during the period it was in its possession, and that it had suffered no damage or depreciation by reason of any such use or of any neglect or want of care on the part of said defendant, but that its depreciation in value was due solely to its natural depreciation by age, and that it was the identical automobile which had been replevined which was tendered for return.

Upon the foregoing agreed statement of facts the court rendered its findings and conclusions of law, and gave its judgment in accordance therewith in favor of the defendant.

The sole point urged by the appellant on this appeal is that she was not bound to receive back said automobile from the defendant herein when the same was tendered four months after judgment had been rendered in her favor in the replevin suit, in view of the fact that between the time that said property was originally taken from her and the time of the tender of the return thereof it had suffered a depreciation in value to the extent of five hundred dollars. It is not, however, alleged in the plaintiff's complaint, nor does it in any way appear from the agreed statement of facts, that the said depreciation in the value of said property was due in any way to the delay of four months in making the tender of its return after judgment for its said return had been given; nor does it appear either that the plaintiff suffered any loss from said delay, or that the same was due to any willfulness on the defendant's part, or that it was other than such a lapse of time as frequently occurs between the rendition and the enforcement or compliance with a judgment. In a word, so far as this record discloses, the plaintiff was in precisely the same position at the time the tender of the return of the

property was made as though such tender had been made on the day the judgment in her favor was given. Such being the state of the record, it is clear that the defendant was acting in substantial compliance with the terms of said judgment in tendering the return of the property at the time such tender was made; and this being so, the plaintiff was bound to accept such tender, together with the costs of the former action also then offered in full satisfaction of the terms of her said judgment, and that not having done so, she cannot maintain this action.

Judgment affirmed.